IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**LAVAYE D. TROTTER,**

    Petitioner,

v.                                                                                  Civil Action No. **3:19CV211**

**HAROLD CLARKE,**

    Respondent.

## MEMORANDUM OPINION

Lavaye D. Trotter, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court of the City of Portsmouth, Virginia ("Circuit Court"). Respondent moves to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. For the reasons set forth below, the Motion to Dismiss (ECF No. 11) will be GRANTED.

## I. PROCEDURAL HISTORY

Trotter was convicted in the Circuit Court of burglary, robbery, malicious wounding, and three counts of use of a firearm in the commission of a felony. (*See* ECF No. 13-2, at 1.) Trotter appealed his convictions. (*Id.*) On January 20, 2016, the Court of Appeals of Virginia denied Trotter's petition for appeal. (*Id.*) Trotter pursued a further appeal to the Supreme Court of Virginia. (ECF No. 13-3, at 1.) On November 8, 2016, the Supreme Court of Virginia refused Trotter's petition for appeal. (*Id.*) Trotter did not file any request for collateral review in the Virginia courts. (ECF No. 13 ¶ 3 n.6.)

On March 13, 2019, Trotter filed the instant § 2254 Petition.[1] In his § 2254 Petition, Trotter raises the following claims for relief:

Claim One: The evidence was insufficient to prove Trotter's guilt beyond a reasonable doubt. (ECF No. 1, at 5.)

Claim Two: Trotter failed to receive the effective assistance of counsel because counsel: (a) failed to object to statements from the victim and other witnesses (ECF No. 1–1, at 4–5); and, (b) failed to investigate and subpoena witnesses (*id.* at 5).

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Trotter's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] This is the date on which the Trotter swears he deposited his § 2254 Petition into the prison mail system. (ECF No. 1, at 14). The Court deems Trotter's § 2254 Petition to be filed as of this date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). The Court employs the pagination assigned by the CM/ECF docketing system to Trotter's submissions. The Court corrects the capitalization, punctuation, and spelling in the quotations from Trotter's submissions.

      **(D)**    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

Under 28 U.S.C. § 2244(d)(1)(A), Trotter's conviction became final on Monday, February 6, 2017, when the time to file a petition for a writ of certiorari expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . :" (citing 28 U.S.C. § 2244(d)(1)(A))); Sup. Ct. R. 13(1) (requiring that a petition for certiorari be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review).

The limitation period began to run on February 7, 2017 and ran for 764 days before Trotter filed his § 2254 Petition on March 13, 2019. Therefore, the § 2254 Petition is barred by the statute of limitations unless Trotter demonstrates that he is entitled to a belated commencement of the limitation period or that some equitable exception allows him to avoid the limitation period. Neither Trotter nor the record suggests any plausible basis for equitable tolling[2] or a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D). Accordingly, the statute of limitations bars the § 2254 Petition.

---

[2] The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

## III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 11) will be GRANTED. Victoria Johnson's Motion to Withdraw as an Attorney (ECF No. 10) will be GRANTED. Trotter's § 2254 Petition (ECF No. 1) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[3]

An appropriate Final Order shall issue.

/s/ *signature*
Roderick C. Young
United States Magistrate Judge

Date: November 20, 2019
Richmond, Virginia

---

[3] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Trotter fails to meet this standard.

4